**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANDREW T. HUTCHINSON,

    Petitioner,

v.                                            Case No. 3:19-cv-1066-TJC-JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

_____

**ORDER OF DISMISSAL WITH PREJUDICE**

**I.**     **Status**

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) in the United States District Court for the Northern District of Florida. The case was transferred to this Court on September 11, 2019. See Order (Doc. 4). After the case was transferred, the Court received from Petitioner a Notice in support of his Petition (Doc. 9). Upon review of the Petition, this Court directed Petitioner to file an amended petition. See Order (Doc. 13). Petitioner filed an Amended Petition (Doc. 14), in which he challenges a state court (Duval County, Florida) judgment of conviction for armed robbery, four counts of armed kidnapping, and armed burglary.

Petitioner is serving life imprisonment. Respondents argue that this case is untimely filed and request dismissal on that basis (Doc. 16).[1] Petitioner filed a notice indicating that he would not file a reply but would instead rely on the assertions and claims as stated in his Amended Petition (Doc. 19). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

---

[1] Attached to the Response are several exhibits (Docs. 16-1 to 16-16). The Court cites to the exhibits as "Resp. Ex."

2

>> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III.  Analysis

Following a jury trial, the state court entered judgment on August 20, 1993, sentencing Petitioner to life imprisonment as a habitual felony offender. Resp. Ex. A at 90-99. On February 15, 1995, the First District Court of Appeal per curiam affirmed Petitioner's judgment of conviction without a written opinion. Resp. Ex. F. Petitioner filed a motion for certification, Resp. Ex. G, which was denied on March 27, 1995, Resp. Ex. H.

At the latest, Petitioner's judgment and sentence became final on June 26, 1995. See Clay v. United States, 537 U.S. 522 (2003); Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed,

3

within 90 days of the appellate court's denial of that motion." (citing Supreme Court Rule 13.3)). Because Petitioner's judgment was final prior to April 24, 1996, the effective date of AEDPA's one-year limitations period, Petitioner had until April 24, 1997, to file a petition for writ of habeas corpus.

On August 11, 1995, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. J at 1-94. On September 5, 1995, the motion was denied. See id. at 95-96. Petitioner filed an appeal of that order, Resp. Ex. L, and the First DCA dismissed the appeal as untimely on February 19, 1996. Resp. Ex. P; see also Hutchinson v. State of Florida, No. 1D95-4467 (Fla. 1st DCA).

According to the state court's docket, on April 12, 1996, Petitioner filed a motion for new trial, which the trial court denied on April 16, 1996. See Resp. Ex. K. On June 7, 1996, Petitioner filed a motion for reduction of his sentence pursuant to Florida Rule of Criminal Procedure 3.800, which was denied on June 13, 1996. See id. Thereafter, Petitioner filed nothing in state court until he requested some documents in July 2013 and January 2014. See id. Petitioner initiated this case on September 10, 2019.

Under any calculation, Petitioner filed his federal habeas petition more than 20 years late. Petitioner does not address the untimeliness of his Petition, and he fails to present any circumstances suggesting that he would be entitled to equitable tolling. Nor does he make any showing of actual innocence. See

4

McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Rozzelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012). Thus, this case is due to be dismissed with prejudice as untimely. Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED with prejudice** as untimely.

2. The **Clerk** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[2]

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of March, 2022.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

---

[2] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

JAX-3 3/2
c:
Andrew T. Hutchinson, #115399
Counsel of Record

6